IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLES EDWARD WILLIAMS,

Petitioner,

vs.

JOSE M. VASQUEZ,

Respondent.

CIVIL ACTION NO.: CV205-222

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charles Edward Williams ("Williams"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Williams has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Williams was convicted, following a jury trial, in the Middle District of Florida of: conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846; possession of a precursor material with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(d)(1); and possession of a precursor material with knowledge that the material would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(d)(2). Williams was sentenced to life imprisonment. The Eleventh Circuit Court of Appeals affirmed Williams' convictions and sentence. United States v. Hammons, 61 F.3d 30 (11th Cir. 1995) (Table). Williams then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Florida; that court denied Williams'

AO 72A
(Rev. 8/82)

motion. Williams appealed, and the Eleventh Circuit denied him a certificate of appealability.

In the instant petition, Williams asserts that his Fifth and Sixth Amendment rights were violated because his sentence was based on facts not set forth in the indictment or found by the jury. Williams asserts that his sentence violates Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). Williams also asserts that the sentence enhancement he received pursuant to 21 U.S.C. § 851 violates the holdings of these three cases. (Doc. No. 1, p. 5.)

Respondent avers that Williams' petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Williams has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that Blakely and Booker do not apply retroactively to cases on collateral review. (Doc. No. 6, p. 3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

2

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Williams has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. By doing so, he ostensibly asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention. Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Williams bases the claims set forth in his petition on the Supreme Court's decisions in Apprendi, Blakely, and Booker. However, the Supreme Court has not made its decisions in Apprendi, Blakely, or Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Williams was sentenced in the Middle District of Florida on October 19, 1992 (see 8:92-cr-00083, Dkt. No. 136), and his convictions and sentence were affirmed on June 30, 1995. Apprendi was decided on June 26, 2000, Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Williams to have his requested relief pursuant to the holdings of these cases would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989). In addition, the Eleventh Circuit Court of Appeals has determined that Booker, which extends the holding of Blakely to the federal sentencing guidelines, does not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Moreover, the Eleventh Circuit recently held that Apprendi does not apply

4

retroactively in the context of a section 2241 petition. <u>Dohrmann v. United States</u>, ___ F.3d ___, 2006 WL 623652, *3 (11th Cir. Mar. 15, 2006).

Williams has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the courts in his previously filed matters rejected Williams' claims does not render section 2255's remedy inadequate or ineffective. Williams has not satisfied the requirements of § 2255's savings clause. <u>See</u> <u>Wofford</u>, 177 F.3d at 1244.

Williams cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1061 (11th Cir. 2003). Williams is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." <u>Wofford</u>, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 6) be **GRANTED**, and Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of April, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)