

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLES EDWARD WILLIAMS,

    Petitioner,

vs.

JOSE M. VASQUEZ,

    Respondent.

CIVIL ACTION NO.: CV205-222

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Williams alleges that he was not eligible to receive a life sentence. Williams asserts that, to be eligible to receive a life sentence, a defendant must be responsible for 15 kilograms of methamphetamine; however, Williams contends, the grand jury found probable cause to indict him for only a "detectable amount" of drugs, which automatically goes to the minimum quantity or misdemeanor amount. Williams also contends that 21 U.S.C. § 851 applies only to felony offenses, and, accordingly, his sentence should not have been enhanced based on this statute.

Williams has not satisfied the savings clause of 28 U.S.C. § 2255, as the Magistrate Judge determined in his Report. Thus, it is unnecessary to address whatever "actual innocence" argument Williams sets forth. See Wofford v. Scott, 177 F.3d 1236, 1244 n.3

AO 72A
(Rev. 8/82)

(11th Cir. 1999) (stating that, upon a showing that the savings clause applies to open the portal to a section 2241 proceeding, the proper inquiry in a § 2241 proceeding is whether the petitioner can establish actual innocence of the crime for which he was convicted).

The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this ___24___ day of ___May___, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2

AO 72A
(Rev. 8/82)